UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALFRED T. BLAND,

        Plaintiff,

v.

        Case Number: 10-11046-BC
        Honorable Thomas L. Ludington

KEVIN E. DUSH, SGT. JAMES HADLEY,
COUNTY OF ISABELLA, ISABELLA
COUNTY SHERIFF'S DEPARTMENT,
and SARA CUTHBERTSON,

        Defendants.
_____/

## ORDER DENYING DEFENDANT CUTHBERTSON'S MOTION FOR RECONSIDERATION

On March 4, 2011, the Court issued an opinion and order denying Defendant Sara Cuthbertson's motion for summary judgment. On March 18, 2011, Defendant Cuthbertson filed a motion for reconsideration. A motion for reconsideration will be granted only if the moving party has identified a "palpable defect by which the court and the parties" were misled, and demonstrates that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h). Defendant Cuthbertson's motion notes that there is a typographical error on page three of the Court's opinion and suggests an alternative basis for dismissing Plaintiff Alfred T. Bland's assault and battery claim against Defendant Cuthbertson. For the reasons explained below, the motion will be denied.

**I**

In the final paragraph on page three of the March 4, 2011 opinion and order, the Court listed the Defendants named in Plaintiff's complaint and explained the nature of his claims. The paragraph provides:

> On March 16, 2010, Mr. Bland filed a four-count complaint against Isabella County, the Isabella County Sheriff's Department, Deputy Dush, Deputy Hadley, and Officer Cuthbertson. Mr. Bland asserts that the individual defendants used excessive force to secure his arrest in violation of the Fourth Amendment and 42 U.S.C. § 1983, assault and battery, gross negligence, and a *Monell* claim against the City and the Sheriff's Department.

There is no *Monell* claim against "the City" in this case. Indeed, there is no "City" that is a party to this case. The word "County" rather than "City" should have been used in the paragraph quoted above.

The error does not, however, merit reconsideration of the Court's opinion and order under Local Rule 7.1(h) because correcting it will not result in a different disposition of the case. Plaintiff's complaint includes a *Monell* claim against Isabella County, but no claim of any sort against any "City." The typographical error in the Court's opinion and order does not alter the complaint. Defendant Cuthbertson's concerns about the potential liability of "the City" are unfounded.

**II**

Defendant Cuthbertson also suggests that the Court should reconsider its earlier opinion with respect to the assault and battery claim against her. In order to prevail on the claim against Defendant Cuthbertson, Plaintiff must demonstrate by a preponderance of the evidence that Defendant Cuthbertson either threatened bodily injury or intentionally touched Plaintiff and caused a bodily injury. In her initial motion, Defendant Cuthbertson argued the claim should be dismissed because she is entitled to immunity under Michigan law. *See* Mich. Comp. Laws § 691.1407(2). She now contends the assault and battery claim should be dismissed because there is little evidence that Defendant Cuthbertson injured or threatened to injure Plaintiff.

Plaintiff contends that he was beaten by the individual Defendants, including Cuthbertson,

as he lay on the ground.  At his deposition, however, Plaintiff was not able to testify with specificity about the extent to which each individual Defendant participated in the alleged beating.  Pl.'s Dep. 69–70.  As a result, there is little evidence that Defendant Cuthbertson personally participated in the alleged beating.  Indeed, the Court acknowledged the potential defect in Plaintiff's assault and battery claim against Defendant Cuthbertson in its earlier opinion.

The evidentiary limitations, while likely helpful at trial, do not justify reconsideration under Local Rule 7.1(h).  Defendant Cuthbertson's motion for summary judgment focused on her entitlement to immunity.  She did not address the lack of evidence that she participated in the alleged beating in the context of the assault and battery claim.  She may not attempt to raise a new basis for summary judgment in her motion for reconsideration.  Moreover, there was some evidence that Plaintiff was struck by the individual defendants, including Cuthbertson, after he was on the ground and subdued.  Pl.'s Dep. 69–70.  Although Plaintiff could not identify who his assailant was, Plaintiff testified that he was kicked by the police officers after he was on the ground and that Defendant Cuthbertson was present at the time.[1]

]                                                                **III**

Accordingly, it is **ORDERED** that Defendant Cuthbertson's motion for reconsideration [Dkt. # 29] is **DENIED**.

> s/Thomas L. Ludington
> THOMAS L. LUDINGTON
> United States District Judge

Dated: March 22, 2011

---

[1] Plaintiff also testified that the bruising on his hip was caused by Defendant Dush and not by Defendant Cuthbertson.  Pl.'s Dep. 95.  Plaintiff testified that Defendant Dush administered the initial blow that knocked Plaintiff to the ground, but he did not testify that all of the blows administered after he was on the ground were delivered by Defendant Dush.

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 22, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS
